United States District Court
Southern District of Texas
**ENTERED**
April 03, 2025
Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**BROWNSVILLE DIVISION**

| | | |
|---|---|---|
| FELICITAS MUNOZ HERNANDEZ, et al., | § | |
| "Plaintiffs," | § | |
| | § | |
| v. | § | |
| | § | Civil Action No. 1:24-cv-00093 |
| UR M. JADDOU | § | |
| "Defendant." | § | |
| | § | |

**ORDER**

Before the Court is Defendant's "Opposed Motion to Dismiss…" (Dkt. No. 16) ("MTD"), Plaintiffs' "Response and Memorandum of Law in Opposition to Defendant's Motion to Dismiss…" (Dkt. No. 17) ("Response"), and Defendant's "Reply in Support of its Motion to Dismiss…" (Dkt. No. 21) ("Reply"). For these reasons, Defendant's MTD (Dkt. No. 16) is **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

Non-immigrant aliens who are the victims of a crime on U.S. soil can apply for U Nonimmigrant Status (a "U-visa"), which if granted confers legal status and work authorization. See 8 U.S.C. § 1101(a)(15)(U). U.S. Citizenship and Immigration Services ("USCIS") may issue only 10,000 U-visas a year. *Id.* § 1184(p)(2). All eligible petitioners who, due solely to the cap, are not granted a U-visa must be placed on a Waitlist and receive notice of such placement. 8 C.F.R. § 214.14(d)(2). USCIS grants deferred action or parole to U-visa petitioners and qualifying family members while on the Waitlist. *Id.* USCIS may authorize employment for such petitioners and qualifying family members. *Id.*

To address an increase in U-visa petitions and a growing backlog of petitioners awaiting placement on the Waitlist or final adjudication, USCIS created an intermediary process known as "Bona Fide Determination" ("BFD"). 8 U.S.C. § 1184(p)(6). BFD allows applicants to receive interim benefits—employment authorization and deferred action—if USCIS determines their petitions are bona fide. *Id.*

Plaintiffs are twenty-seven individuals who submitted their applications for U-visas under various circumstances in the last eight years. Dkt. No. 1 p.7-21. Plaintiffs allege USCIS' policies and practices have caused an unreasonable delay in adjudication of (1) their eligibility for placement on the U-visa Waitlist and related interim benefits; and (2) their eligibility for BFD and related interim benefits. Dkt. No. 1 p. 39-42. Thus, Plaintiffs seek mandamus and injunctive relief compelling USCIS to adjudicate their eligibility for Waitlist placement, BFD, and interim benefits without unreasonable delay. Dkt. No. 1 p. 42-43.

Defendant's MTD urges this Court to dismiss, or sever and dismiss, Plaintiffs' claims for:

1. Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) under the jurisdiction-stripping provision of 8 U.S.C. § 1252(a)(2)(B)(ii);
2. Fed. R. Civ. P. 12(b)(1) (lack of subject matter jurisdiction) based on failure to show the requisite injury-in-fact and redressability for Article III standing;
3. Fed. R. Civ. P. 12(b)(6) (failure to state a claim) since Plaintiffs are not entitled to Waitlist or BFD determination under USCIS' internal policy; and
4. Fed. R. Civ. P. 21 Improper Joinder.

## II. DISCUSSION

### A. SUBJECT MATTER JURISDICTION

Fed. R. Civ. P. 12(b)(1) requires dismissal for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Prods. Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012). Plaintiffs bear the burden of showing the court has subject matter jurisdiction. *Id.*

#### i. JURISDICTION-STRIPPING PROVISION 8 U.S.C. § 1252(A)(2)(B)(II)

28 U.S.C. 1331 gives this Court original jurisdiction over all civil actions arising under the Constitution, laws, or treaties of the United States. The Administrative Procedure Act ("APA") gives this Court power to "compel agency action unlawfully withheld or unreasonably delayed." 5 U.S.C. § 706(1). But the APA does not apply to statutes that preclude judicial review. 5 U.S.C. § 701(a); *Dep't of Homeland Sec. v. Regents of the Univ. of Cal.*, 591 U.S. 1, 17 (2020).

8 U.S.C. § 1252 (a)(2)(B)(ii) precludes judicial review of "any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified

under this subchapter to be in the discretion of the Attorney General or the Secretary."[1] *Bouarfa v. Mayorkas*, 220 L. Ed. 2d 245, 253 (2024). Thus, in the immigration realm, properly identifying the mandatory or discretionary nature of a particular agency decision determines whether it can be challenged in court. *Id.*

**a) WAITLIST AND DEFERRED ACTION OR PAROLE DECISION IS REVIEWABLE; EMPLOYMENT AUTHORIZATION IS UNREVIEWABLE.**

8 C.F.R. 214.14(d)(2) unambiguously requires USCIS to decide Plaintiffs' eligibility for placement on the U-visa Waitlist and, if eligible, subsequently grant deferred action or parole. The statute is also unambiguous as to the discretionary nature of USCIS' decision on Plaintiffs' employment authorization.

8 C.F.R. 214.14(d)(2) provides "All eligible [applicants] who, due solely to the cap, are not granted U-1 nonimmigrant status *must* be placed on a Waitlist and receive written notice of such placement...USCIS *will* grant deferred action or parole to U-1 petitioners and qualifying family members while the U-1 petitioners are on the Waitlist. USCIS, *in its discretion, may* authorize employment for such petitioners and qualifying family members." 8 C.F.R. 214.14(d)(2) (emphasis added).

In statutory construction, courts look to the statute's language. *Kingdomware Techs., Inc. v. United States,* 579 U.S. 162, 171 (2016). If the statutory language is unambiguous and the statutory scheme is coherent and consistent—as is the case here—the inquiry ceases. *Id.* In determining the nature of the agency decision, words such as "shall," "must," or "will" generally make the decision mandatory while words such as "may" imply discretion. See *id.* at 171-72. The nature of the agency decision is made even more clear when the statute distinguishes between "may" and "must." *Id.* at 172.

There is no reason to depart from the usual inferences here. USCIS' determination of Plaintiffs' eligibility for placement on the U-Visa Waitlist and subsequent grant of deferred action or parole is mandatory and thus reviewable. The decision to authorize employment is discretionary and thus unreviewable.

---

[1] "This subchapter" refers to Title 8, Chapter 12, Subchapter II, of the United States Code, codified at 8 U.S.C. §§ 1151-1381 and titled "Immigration." *Kucana v. Holder*, 558 U.S. 233, 239 n.3 (2010).

#### b) BFD AND RELATED INTERIM BENEFITS ARE UNREVIEWABLE

USCIS' decision to grant work authorization to bona fide applicants is clearly discretionary under *Kingdomware Techs.* 8 U.S.C. § 1184(p)(6) provides "The Secretary *may* grant work authorization to any alien who has a pending, bona fide application for nonimmigrant status under § 1101(a)(15)(u) (emphasis added).[2] The language used denotes discretion, so the decision is unreviewable.

Following *Patel*, BFD is also discretionary. Under *Patel*, 8 U.S.C. § 1252(a)(2)(B)(i) encompasses not only the granting of relief, but also any judgment relating to the granting of relief. *Patel v. Garland*, 596 U.S. 328, 338 (2022). USCIS' judgment of whether an application is bona fide relates to the granting of work authorization—which is discretionary. Thus, BFD is discretionary and unreviewable.[3]

### ii. ARTICLE III STANDING

To invoke federal jurisdiction, Plaintiffs must have (1) suffered an injury in fact, (2) that is traceable to the challenged conduct of Defendant, and (3) that is likely to be redressed by a favorable judicial decision. *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). Defendant challenges the first and third elements of Article III standing.

Plaintiffs have alleged an adequate injury in fact. A plaintiff suffers a "constitutionally cognizable injury by the loss of an opportunity to pursue a benefit…even though the plaintiff may be unable to show that it was certain to receive that benefit had it been accorded the lost opportunity. *Ecosystems Inv., Partners v. Crosby Dredging, L.L.C.*, 729 Fed. Appx. 287, 292 (5th Cir. 2018). This includes the opportunity to receive immigration benefits. The alleged unreasonable delay in determining Waitlist eligibility and subsequent deferred action or parole would be an effective denial of those opportunities.

Plaintiffs' injury is likely to be redressed by a favorable judicial decision. Defendant's argument that Plaintiffs' injuries are not redressable mimics its argument that Plaintiffs' claims are

---

[2] There is no corresponding federal regulation.

[3] Deferred action or parole following BFD is a secondary consequence to enacting USCIS' decision to grant work authorization that is also unreviewable. Deferred action or parole following Waitlist Eligibility is distinguished by the language of 8 C.F.R. 214.14(d)(2), which makes it clear that deferred action or parole is mandatory and a primary objective.

unreviewable and fails for the same reasons. If this Court finds Defendant has unreasonably delayed determination of Plaintiffs' Waitlist eligibility and deferred action or parole, it may grant the requested relief.

### B. Failure to State a Claim

Defendant essentially argues that Plaintiffs cannot state a claim for relief because Plaintiffs are not entitled to a determination of Waitlist eligibility and deferred action or parole until USCIS has made a BFD denying Plaintiffs' eligibility for work authorization under USCIS' own internal policy. Ironically, this argument captures what Plaintiffs' Complaint is about—unreasonably delaying mandatory determinations by hiding them behind discretionary ones. This Court is not bound by USCIS' internal policies, it is bound by the law. Plaintiffs are entitled to a determination of Waitlist eligibility and deferred action or parole under 8 C.F.R. 214.14(d)(2).

### C. Improper Joinder

Defendant challenges the joinder of Plaintiffs' claims under the same transaction or occurrence test. Alternatively, Defendant asks this Court to deny joinder to avoid prejudice and delay, ensure judicial economy, and safeguard fundamental fairness. For these reasons, this Court permits joinder of Plaintiffs' claims.

Fed. R. Civ. P. 20(a)(1) provides: "Persons may join in one action as plaintiffs if: (A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Courts may also deny joinder to avoid prejudice and delay, ensure judicial economy, or safeguard fundamental fairness. *Acevedo v. Allsup's Convenience Stores, Inc.*, 600 F.3d 516, 521 (5th Cir. 2010).

The first prong, the "same transaction" requirement, refers to the similarity in the factual background of a claim. *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir. 1997). The mere allegation of general delay in individual applications is not enough to create a common transaction or occurrence. *Id.* But a pattern or policy of delay in dealing with all applications does give rise to a common series of transactions or occurrences. See *id.*

Plaintiffs' varied backgrounds and circumstances do not prevent the joinder of their claims because Plaintiffs do not allege that the delay is specific to their individual applications. Rather, Plaintiffs allege that USCIS' internal policies and practices have caused an unreasonable delay in dealing with *all* applications for a U-visa. Dkt. No. 1 p.6. The crux of this case is likely to revolve

around a common set of operative facts pertaining to USCIS' internal policies and practices rather than a multitude of independent adjudications for each application. Thus, the same transaction or occurrence test is satisfied.

Policy considerations favor joinder. Plaintiffs' claims rely on one another to establish the pattern alleged. Also, severance of Plaintiffs' claims would require Plaintiffs to file several actions, burdening Plaintiffs and the courts, and injecting further delay into processing of Plaintiffs' applications. Finally, Plaintiffs are victims of crimes, displaced, and without authorization to work for the means necessary to prosecute multiple separate claims.

## III. CONCLUSION

Defendant's MTD (Dkt. No. 16) is **GRANTED** in part and **DENIED** in part. All of Plaintiffs' claims related to BFD, BFD related interim benefits, and Work Authorization are **DISMISSED** for lack of subject matter jurisdiction. Plaintiffs' claims related to Waitlist eligibility and subsequent deferred action or parole remain, unsevered.

Signed on this 2nd day of April, 2025.

Hon. Rolando Olvera
United States District Judge